IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Tinessa Armock, <br><br> Plaintiff, <br> v. <br><br> Alliance Health Networks, LLC, <br><br> Defendant. | Civil Action No.: 1:14-cv-970 <br><br><br> **DEMAND FOR JURY TRIAL** |

**COMPLAINT & JURY DEMAND**

For this Complaint, the Plaintiff, Tinessa Armock, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

**PARTIES**

3. The Plaintiff, Tinessa Armock ("Plaintiff"), is an adult individual residing in Stanton, Michigan, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Alliance Health Networks, LLC ("AHN"), is a Utah business entity with an address of 9 Exchange Place, Suite 200, Salt Lake City, Utah 84111, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, AHN placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS").

6. When Plaintiff answered AHN telephone calls, she was met with a period of silence following which the calls disconnected.

7. Plaintiff has no business relations with AHN and never requested by an agreement or otherwise that she be contacted.

8. Plaintiff never provided her cellular telephone number to AHN and never provided her consent to AHN to be contacted on her cellular telephone.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

9. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10. At all times mentioned herein and within the last year, Defendant called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

11. The Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*.

12. The TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13. Often times when Plaintiff answered the phone, she was met with several seconds of dead air before Defendant's telephone system would disconnect.

14. Often times when Plaintiff answered the phone, she would hear a period of silence and was required to say "hello" several times before Defendant's phone system would disconnect.

15. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Plaintiff never provided her cellular telephone to Defendant and never provided her consent to be contacted on her cellular telephone.

17. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. The calls from Defendant to Plaintiff failed to include an opt-out message pursuant to 47 C.F.R. § 64.1200(a)(7).

20. The abandoned calls from the Defendant to the Plaintiff failed to provide a prerecorded identification pursuant to 47 C.F.R. § 64.1200(a)(7).

21. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

22.     As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);
2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);
3. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: September 15, 2014

Respectfully submitted,

By: /s/ Sergei Lemberg, Esq.
Attorney for Plaintiff Tinessa Armock
LEMBERG LAW, L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (888) 953-6237
Email: slemberg@lemberglaw.com

4